# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION

Destin Dezwyn Reese
_____
(Enter Above the Name of the Plaintiff in this Action)

VS.

Trimmer, David A
_____
(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

Atkin Jesse, A
_____

Andrea green Boyd
_____
N/A

2  1 9 C V 5 3 3 8

Judge Marbley

MAGISTRATE JUDGE JOLSON

## COMPLAINT

I.  Parties to the action:

Plaintiff:    Place your name and address on the lines below.  The address you give must be the address where
the court may contact you and mail documents to you.  A telephone number is required.

Destin Dezwyn Reese
_____
Name - Full Name Please - PRINT

641 N Drexel Ave
_____
Street Address

Columbus Ohio 43219
_____
City, State and Zip Code

614 914 0537
_____
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this
page with their full names, addresses and telephone numbers.  If there are no other Plaintiffs, continue with this
form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. Trimmer, David A
   Name - Full Name Please

   Hall Of Justice 224 E. main street Lancaster, ohio
   Address: Street, City, State and Zip Code

2. Atkins, Jesse A
   490 City Park Ave Columbus, OH 43215-5780

3. _____

   _____

4. _____

   _____

5. _____

   _____

6. _____

   _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☐ Title 28 U.S.C. § 1343(3)
    [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
    [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
    [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☐ Title _____ United States Code, Section _____
    [Other federal status giving the court subject matter jurisdiction.]

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

Atkins Jesse A Represented me he was Court appointed in my Criminal Case he Knew I had to Have been Competent inorder to take a plea agreement; And Courts should have sent me to undergo treatmeant

Trimmer David A was my Judge on my Criminal case which he should have never allowed me to enter into a plea agreement without sending me to treatmeant he should have looked further into the ~~investigation~~ inquiry of the findings of my Competency.

Andrea green Boyd was the proscuting attorney who also Knew I should have been found Competent inorder to have Accepted a plea agreement and she should have also sent me to treatment instead of sentence me to prision

04/15/2015 I Caught my Criminial Charge Jesse Atkins was my Appointed Council he put in for a motion of insanity plea on 05/26/2015 I wrote him a letter and ask could I just take a plea deal with a Judicial Release he told me they have to see if I'm competent 1st and that he could not put in for a plea agreement untill my Competency is over with. after my Court orderded Evaluation I went to my Competency hearing on _____ at my Competency hearing The Judge wasn't in the Court room yet my attorney Jesse Atkins told me I Can get you the plea you wanted I sighned to 2years with 1 year Judical)

Early Release then I ask him since I had already served 4 months in the County Jail That would leave me with 8 months left to do he said yes then the Judge came in Judge trimmer and he said all rise Then he said what the doctors recomended after my evaluation Doctor Kevin Edwards findings/conclusion were that I needed to further undergo treatment at a suitanble facility for 2 weeks To see if I could be Competent I then raised my hand to ask Judge trimmer a Question Jesse Atkins stated this is the best deal I can get you I told him I would rather go to treatment he told me I would Just come back infront of the Judge then Judge trimmer Told me to go ahead I told him I wanted to go to treatment Judge trimmer then asked Jesse Atkins does he think I need to go Jesse stated yes he then ask my family friend Kelly Kallcher whos a md and mph should I go he stated yes Judge trimmer then stated ~~XXXXX~~ that is not an option an allowed me to accept a plea agreement instead of either A of 29 45.38 Competence to stand trail or either (B)
(C)
(a) of this section who ever neither of these options and the trail court take and simply allowed me to enter into a Plea agreement this violated my Due Process and Should be cruel and unusaul Punishment also for a few side notes my grandmother past and my Cuzzin while incarerate

You Cannot Sentence a incompetent person.

Courts failure to make complete sufficent inquiry into the findings of Competence violates deffendants due process also I have transcrips on cd of My competency heerring.

Dates Doctor Kevin Edwards Evaluation was ordered on 05/05/15

Day of sentence 07/28/2015

## 2945.38 Competence to stand trial.

(A) If the issue of a defendant's competence to stand trial is raised and if the court, upon conducting the hearing provided for in section 2945.37 of the Revised Code, finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law. If the court finds the defendant competent to stand trial and the defendant is receiving psychotropic drugs or other medication, the court may authorize the continued administration of the drugs or medication or other appropriate treatment in order to maintain the defendant's competence to stand trial, unless the defendant's attending physician advises the court against continuation of the drugs, other medication, or treatment.

(B)

(1)

(a) If, after taking into consideration all relevant reports, information, and other evidence, the court finds that the defendant is incompetent to stand trial and that there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order the defendant to undergo treatment. If the defendant has been charged with a felony offense and if, after taking into consideration all relevant reports, information, and other evidence, the court finds that the defendant is incompetent to stand trial, but the court is unable at that time to determine whether there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment, the court shall order continuing evaluation and treatment of the defendant for a period not to exceed four months to determine whether there is a substantial probability that the defendant will become competent to stand trial within one year if the defendant is provided with a course of treatment.

(b) The court order for the defendant to undergo treatment or continuing evaluation and treatment under division (B)(1)(a) of this section shall specify that the defendant, if determined to require mental health treatment or continuing evaluation and treatment, either shall be committed to the department of mental health and addiction services for treatment or continuing evaluation and treatment at a hospital, facility, or agency, as determined to be clinically appropriate by the department of mental health and addiction services or shall be committed to a facility certified by the department of mental health and addiction services as being qualified to treat mental illness, to a public or community mental health facility, or to a psychiatrist or another mental health professional for treatment or continuing evaluation and treatment. Prior to placing the defendant, the department of mental health and addiction services shall obtain court approval for that placement following a hearing. The court order for the defendant to undergo treatment or continuing evaluation and treatment under division (B)(1)(a) of this section shall specify that the defendant, if determined to require treatment or continuing evaluation and treatment for an intellectual disability, shall receive treatment or continuing evaluation and treatment at an institution or facility operated by the department of developmental disabilities, at a facility certified by the department of developmental disabilities as being qualified to treat intellectual disabilities, at a public or private intellectual disabilities facility, or by a psychiatrist or another intellectual disabilities professional. In any case, the order may restrict the defendant's freedom of movement as the court considers necessary. The prosecutor in the defendant's case shall send to the chief clinical officer of the hospital, facility, or agency where the defendant is placed by the department of mental health and addiction services, or to the managing officer of the institution, the director of the program or facility, or the person to which the defendant is committed, copies of relevant police reports and other background information that pertains to the defendant and is available to the prosecutor unless the prosecutor determines that the release of any of the information in the police reports or any of the other background information to unauthorized persons would interfere with the effective prosecution of any person or would create a substantial risk of harm to any person.

In determining the place of commitment, the court shall consider the extent to which the person is a danger to the person and to others, the need for security, and the type of crime involved and shall order the least restrictive alternative available that is consistent with public safety and treatment goals. In weighing these factors, the court shall give preference to protecting public safety.

(c) If the defendant is found incompetent to stand trial, if the chief clinical officer of the hospital, facility, or agency where the defendant is placed, or the managing officer of the institution, the director of the program or facility, or the person to which the defendant is committed for treatment or continuing evaluation and treatment under division (B)(1)(b) of this section determines that medication is necessary to restore the defendant's competency to stand trial, and if the defendant lacks the capacity to give informed consent or refuses medication, the chief clinical officer of the hospital, facility, or agency where the defendant is placed, or the managing officer of the institution, the director of the program or facility, or the person to which the defendant is committed for treatment or continuing evaluation and treatment may petition the court for authorization for the involuntary administration of medication. The court shall hold a hearing on the petition within five days of the filing of the petition if the petition was filed in a municipal court or a county court regarding an incompetent defendant charged with a misdemeanor or within ten days of the filing of the petition if the petition was filed in a court of common pleas regarding an incompetent defendant charged with a felony offense. Following the hearing, the court may authorize the involuntary administration of medication or may dismiss the petition.

(2) If the court finds that the defendant is incompetent to stand trial and that, even if the defendant is provided with a course of treatment, there is not a substantial probability that the defendant will become competent to stand trial within one year, the court shall order the discharge of the defendant, unless upon motion of the prosecutor or on its own motion, the court either seeks to retain jurisdiction over the defendant pursuant to section 2945.39 of the Revised Code or files an affidavit in the probate court for the civil commitment of the defendant pursuant to Chapter 5122. or 5123. of the Revised Code alleging that the defendant is a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order. If an affidavit is filed in the probate court, the trial court shall send to the probate court copies of all written reports of the defendant's mental condition that were prepared pursuant to section 2945.371 of the Revised Code.

The trial court may issue the temporary order of detention that a probate court may issue under section 5122.11 or 5123.71 of the Revised Code, to remain in effect until the probable cause or initial hearing in the probate court. Further proceedings in the probate court are civil proceedings governed by Chapter 5122. or 5123. of the Revised Code.

(C) No defendant shall be required to undergo treatment, including any continuing evaluation and treatment, under division (B)(1) of this section for longer than whichever of the following periods is applicable:

(1) One year, if the most serious offense with which the defendant is charged is one of the following offenses:

(a) Aggravated murder, murder, or an offense of violence for which a sentence of death or life imprisonment may be imposed;

(b) An offense of violence that is a felony of the first or second degree;

(c) A conspiracy to commit, an attempt to commit, or complicity in the commission of an offense described in division (C)(1)(a) or (b) of this section if the conspiracy, attempt, or complicity is a felony of the first or second degree.

(2) Six months, if the most serious offense with which the defendant is charged is a felony other than a felony described in division (C)(1) of this section;

(3) Sixty days, if the most serious offense with which the defendant is charged is a misdemeanor of the first or second degree;

(4) Thirty days, if the most serious offense with which the defendant is charged is a misdemeanor of the third or fourth degree, a minor misdemeanor, or an unclassified misdemeanor.

(D) Any defendant who is committed pursuant to this section shall not voluntarily admit the defendant or be voluntarily admitted to a hospital or institution pursuant to section 5122.02, 5122.15, 5123.69, or 5123.76 of the Revised Code.

(E) Except as otherwise provided in this section, a defendant who is charged with an offense and is committed by the court under this section to the department of mental health and addiction services or is committed to an institution or facility for the treatment of intellectual disabilities shall not be granted unsupervised on-grounds movement, supervised off-grounds movement, or nonsecured status except in accordance with the court order. The court may grant a defendant supervised off-grounds movement to obtain medical treatment or specialized habilitation treatment services if the person who supervises the treatment or the continuing evaluation and treatment of the defendant ordered under division (B)(1)(a) of this section informs the court that the treatment or continuing evaluation and treatment cannot be provided at the hospital or facility where the defendant is placed by the department of mental health and addiction services or the institution or facility to which the defendant is committed. The chief clinical officer of the hospital or facility where the defendant is placed by the department of mental health and addiction services or the managing officer of the institution or director of the facility to which the defendant is committed, or a designee of any of those persons, may grant a defendant movement to a medical facility for an emergency medical situation with appropriate supervision to ensure the safety of the defendant, staff, and community during that emergency medical situation. The chief clinical officer of the hospital or facility where the defendant is placed by the department of mental health and addiction services or the managing officer of the institution or director of the facility to which the defendant is committed shall notify the court within twenty-four hours of the defendant's movement to the medical facility for an emergency medical situation under this division.

(F) The person who supervises the treatment or continuing evaluation and treatment of a defendant ordered to undergo treatment or continuing evaluation and treatment under division (B)(1) (a) of this section shall file a written report with the court at the following times:

(1) Whenever the person believes the defendant is capable of understanding the nature and objective of the proceedings against the defendant and of assisting in the defendant's defense;

(2) For a felony offense, fourteen days before expiration of the maximum time for treatment as specified in division (C) of this section and fourteen days before the expiration of the maximum time for continuing evaluation and treatment as specified in division (B)(1)(a) of this section, and, for a misdemeanor offense, ten days before the expiration of the maximum time for treatment, as specified in division (C) of this section;

(3) At a minimum, after each six months of treatment;

(4) Whenever the person who supervises the treatment or continuing evaluation and treatment of a defendant ordered under division (B)(1)(a) of this section believes that there is not a substantial probability that the defendant will become capable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense even if the defendant is provided with a course of treatment.

(G) A report under division (F) of this section shall contain the examiner's findings, the facts in reasonable detail on which the findings are based, and the examiner's opinion as to the defendant's capability of understanding the nature and objective of the proceedings against the defendant and of assisting in the defendant's defense. If, in the examiner's opinion, the defendant remains incapable of understanding the nature and objective of the proceedings against the defendant and of assisting in the defendant's defense and there is a substantial probability that the defendant will become capable of understanding the nature and objective of the proceedings against the defendant and of assisting in the defendant's defense if the defendant is provided with a course of treatment, if in the examiner's opinion the defendant remains mentally ill or continues to have an intellectual disability, and if the maximum time for treatment as specified in division (C) of this section has not expired, the report also shall contain the examiner's recommendation as to the least restrictive placement or commitment alternative that is consistent with the defendant's treatment needs for restoration to competency and with the safety of the community. The court shall provide copies of the report to the prosecutor and defense counsel.

(H) If a defendant is committed pursuant to division (B)(1) of this section, within ten days after the treating physician of the defendant or the examiner of the defendant who is employed or retained by the treating facility advises that there is not a substantial probability that the defendant will become capable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense even if the defendant is provided with a course of treatment, within ten days after the expiration of the maximum time

for treatment as specified in division (C) of this section, within ten days after the expiration of the maximum time for continuing evaluation and treatment as specified in division (B)(1)(a) of this section, within thirty days after a defendant's request for a hearing that is made after six months of treatment, or within thirty days after being advised by the treating physician or examiner that the defendant is competent to stand trial, whichever is the earliest, the court shall conduct another hearing to determine if the defendant is competent to stand trial and shall do whichever of the following is applicable:

(1) If the court finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law.

(2) If the court finds that the defendant is incompetent to stand trial, but that there is a substantial probability that the defendant will become competent to stand trial if the defendant is provided with a course of treatment, and the maximum time for treatment as specified in division (C) of this section has not expired, the court, after consideration of the examiner's recommendation, shall order that treatment be continued, may change the facility or program at which the treatment is to be continued, and shall specify whether the treatment is to be continued at the same or a different facility or program.

(3) If the court finds that the defendant is incompetent to stand trial, if the defendant is charged with an offense listed in division (C)(1) of this section, and if the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment, or if the maximum time for treatment relative to that offense as specified in division (C) of this section has expired, further proceedings shall be as provided in sections 2945.39, 2945.401, and 2945.402 of the Revised Code.

(4) If the court finds that the defendant is incompetent to stand trial, if the most serious offense with which the defendant is charged is a misdemeanor or a felony other than a felony listed in division (C)(1) of this section, and if the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment, or if the maximum time for treatment relative to that offense as specified in division (C) of this section has expired, the court shall dismiss the indictment, information, or complaint against the defendant. A dismissal under this division is not a bar to further prosecution based on the same conduct. The court shall discharge the defendant unless the court or prosecutor files an affidavit in probate court for civil commitment pursuant to Chapter 5122. or 5123. of the Revised Code. If an affidavit for civil commitment is filed, the court may detain the defendant for ten days pending civil commitment. All of the following provisions apply to persons charged with a misdemeanor or a felony other than a felony listed in division (C)(1) of this section who are committed by the probate court subsequent to the court's or prosecutor's filing of an affidavit for civil commitment under authority of this division:

(a) The chief clinical officer of the entity, hospital, or facility, the managing officer of the institution, the director of the program, or the person to which the defendant is committed or admitted shall do all of the following:

(i) Notify the prosecutor, in writing, of the discharge of the defendant, send the notice at least ten days prior to the discharge unless the discharge is by the probate court, and state in the notice the date on which the defendant will be discharged;

(ii) Notify the prosecutor, in writing, when the defendant is absent without leave or is granted unsupervised, off-grounds movement, and send this notice promptly after the discovery of the absence without leave or prior to the granting of the unsupervised, off-grounds movement, whichever is applicable;

(iii) Notify the prosecutor, in writing, of the change of the defendant's commitment or admission to voluntary status, send the notice promptly upon learning of the change to voluntary status, and state in the notice the date on which the defendant was committed or admitted on a voluntary status.

(b) Upon receiving notice that the defendant will be granted unsupervised, off-grounds movement, the prosecutor either shall re-indict the defendant or promptly notify the court that the prosecutor does not intend to prosecute the charges against the defendant.

(I) If a defendant is convicted of a crime and sentenced to a jail or workhouse, the defendant's sentence shall be reduced by the total number of days the defendant is confined for evaluation to determine the defendant's

competence to stand trial or treatment under this section and sections 2945.37 and 2945.371 of the Revised Code or by the total number of days the defendant is confined for evaluation to determine the defendant's mental condition at the time of the offense charged.

Amended by 131st General Assembly File No. TBD, HB 158, §1, eff. 10/12/2016.

Amended by 130th General Assembly File No. TBD, SB 43, §1, eff. 9/17/2014.

Amended by 130th General Assembly File No. 25, HB 59, §101.01, eff. 9/29/2013.

Amended by 129th General AssemblyFile No.127, HB 487, §101.01, eff. 6/11/2012.

Amended by 129th General AssemblyFile No.28, HB 153, §101.01, eff. 9/29/2011.

Amended by 128th General Assemblych.28, SB 79, §1, eff. 10/6/2009.

Effective Date: 02-20-2002 .

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: <u>John Smith</u> vs. <u>Jane Doe</u>).

<u>Case Number</u>                          <u>Caption</u>

_____        _____ vs. _____

_____        _____ vs. _____

_____        _____ vs. _____


V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal
argument, cite no case or statutes.

I would like to settle this case for 1.5 million
dollars in pain and suffering and I would
like to settle my case as fast as possible
so that I can move on with my life.

I state under penalty of perjury that the foregoing is true and correct. Executed on

this 5 day of December , 2019 .

_____
Signature of Plaintiff

-4-