IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DESTIN DEZWYN REESE,

    Plaintiff,

    v.

DAVID A. TRIMMER, et al.,

    Defendants.

Case No. 2:19-cv-5338
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 1, 7). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

### I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff, a resident of Columbus, purports to sue his former criminal defense counsel, Jesse Atkins; the prosecutor responsible for his criminal conviction, Andrea Green Boyd; and the judge presiding over his criminal case, David. A. Trimmer. (*See generally* Doc. 1-1). According to Plaintiff, in 2015, Defendants deprived him of due process and inflicted cruel and unusual punishment on him by permitting him to plead guilty to an unspecified crime without conducting a proper competency hearing. (*Id.* at 3–5).

Plaintiff's Complaint fails to state a claim upon which relief may be granted for several reasons. First, Defendant Trimmer is protected by judicial immunity. Judicial immunity shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id*. at 11–12. Plaintiff has not alleged facts that would show that Defendant Trimmer acted outside the scope of his judicial capacity. Defendant Trimmer is entitled to judicial immunity as a result.

Second, Defendant Boyd is protected by prosecutorial immunity. Prosecutors are "absolutely immune from liability" for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)

(citation and quotations omitted). "[A]bsolute immunity," however, "may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Id.* at 342 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 433 n.33 (1976)). Plaintiff has not alleged facts that would show that Defendant Boyd was not acting as an officer of the court at the time of her alleged misconduct. Defendant Boyd is entitled to prosecutorial immunity as a result.

Third, Plaintiff has failed to state a claim against Defendant Atkins. He has offered no allegations that show Defendant Atkins violated his due process rights or his right to be free from cruel and unusual punishment. Instead, Plaintiff's claim is best understood as a state law malpractice claim against Defendant Atkins. Even assuming the Court would exercise supplemental jurisdiction over that state law claim, it is barred by Ohio's one-year statute of limitations. *See* Ohio. Rev. Code § 2305.11(A) ("An action for ... malpractice other than an action upon a medical, dental, optometric, or chiropractic claim ... shall be commenced within one year after the cause of action accrued."). Here, because Plaintiff was convicted in 2015, the statute of limitations would have started to run prior to December 6, 2018, one year prior to the filing of this action. *See Hustler Cincinnati, Inc. v. Cambria*, 625 F. App'x 712, 719 (6th Cir. 2015) (citation and internal quotation marks omitted) ("The limitations clock starts (1) when the client discovers or should have discovered that his injury was related to the attorney's malpractice (the discovery rule) or (2) when the attorney-client relationship for that particular transaction or undertaking terminates (the termination rule), whichever occurs later."). Plaintiff has failed to state a claim against Defendant Atkins accordingly.

### III.  CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** the Motions for Leave to Proceed *in forma pauperis* (Doc. 1, 7), and **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: February 27, 2020            /s/Kimberly A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE