IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DESTIN DEZWYN REESE,

    Plaintiff,

v.

DAVID A. TRIMMER, *et al.*,

    Defendants.

:
: Case No. 2:19-cv-5338
:
: Chief Judge Algenon L. Marbley
:
: Magistrate Judge Kimberly A. Jolson
:
:

## OPINION & ORDER

This matter comes before the Court on Magistrate Judge Jolson's February 27, 2020 Report and Recommendation that this case be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 9). For the following reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The matter is hereby **DISMISSED**.

On December 6, 2019, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1). After finding deficiencies in her application, the Court ordered Plaintiff "to file an accurate Application to Proceed in District Court Without Prepaying Fees or Costs detailing her actual monthly expenses" and directed her to do so on or before December 20, 2019. (ECF No. 2). When that deadline passed and Plaintiff failed to comply, the Court issued a Show Cause Order directing Plaintiff to show cause on or before January 31, 2020 why this action should not be dismissed for want of prosecution. (ECF No. 3). On January 29, 2020, Plaintiff filed a new Motion for Leave to Proceed *in forma pauperis* (ECF No. 4). Because Plaintiff's motion was still incomplete, the Court ordered her to submit a complete Motion for Leave to Proceed *in forma pauperis* on or before February 10, 2020. (ECF No. 5 at 2). Upon Plaintiff's failure to

comply with that deadline, the Court issued another Show Cause Order, ordering the Plaintiff to show cause on or before February 18, 2020 why this action should not be dismissed for want of prosecution. (ECF No. 6). Plaintiff was also notified that failure to submit a complete Motion for Leave to Proceed *in forma pauperis* on or before February 20, 2020 would result in the case being dismissed. (*Id.*). On February 19, 2020, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 7). On February 27, 2020, Plaintiff filed a complaint against her defense attorney, judge, and prosecutor in her criminal case. (ECF No. 8). The Magistrate Judge then issued the Report and Recommendation that this case be dismissed for failure to state a claim on February 27, 2020. (ECF No. 9). Plaintiff did not file any objections.

During a proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must construe the Complaint in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Failure to object to the Magistrate Judge's Report and Recommendation within fourteen days results in waiver of the right for de novo review. *See, e.g., McCall v. Ohio*, No. 2:18-cv-1261, 2019 WL 188039 at *1 (S.D. Ohio Jan. 14, 2019). The Magistrate Judge concluded that Plaintiff's Complaint should be dismissed for failure to state a claim. (ECF No. 9). In the Report and Recommendation, Magistrate Judge Jolson found Defendant Trimmer is protected by

judicial immunity and Defendant Boyd is protected by prosecutorial immunity. (*Id.* 2-3). *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges are immune from suit when acting in their judicial capacity); *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (prosecutors have absolute immunity when acting in an investigative or administrative capacity). The Magistrate Judge found Plaintiff's claim against Defendant Atkins, Plaintiff's former defense attorney, was best understood as a state law malpractice claim, which is barred by Ohio's one-year statute of limitations. Ohio. Rev. Code § 2305.11(A). Having reviewed the Magistrate Judge's Report and Recommendation and noting no objections have been filed, this Court concurs with the analysis.

For these reasons, this Court **ADOPTS** Magistrate Judge Jolson's February 27, 2020, Report and Recommendation. This matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY

**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: June 16, 2020**